IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| APEX DIGITAL, INC, a California Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 06CV3972 |
| v. | ) ) | Honorable George W. Lindberg |
| SEARS, ROEBUCK AND CO., an Illinois Corporation, | ) ) | Magistrate Judge Cole |
| | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR**
**LACK OF SUBJECT MATTER JURISDICTION**

Defendant Sears, Roebuck and Co. ("Sears"), by its attorneys, and respectfully moves this Honorable Court to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, Fed. R. Civ. P. 12(b)(6). Defendant submits an accompanying memorandum of law, Declaration of Jerry Wells, and Declaration of John E. Walker in support of this Motion, and briefly states as follows:

1. Plaintiff Apex Digital, Inc. seeks to recover for itself approximately $8 million from Sears for its alleged "failure and refusal to pay Apex's invoices." (Compl., ¶ 12; see also ¶¶ 17-19, 22 and 25-28.) But in or about June, 2003, Apex "sold and assigned" "all existing and future accounts receivable" to another entity, CIT Group/Commercial Services, Inc. (Wells Decl., ¶ 3, Ex. A.)

2. Having "sold and assigned" away its right to receive payments on its invoices to Sears, Apex no longer has standing to sue Sears for sums that it alleges Sears "failed to pay." (Compl., ¶¶ 8-10.)

3. Rule 12(b)(1) provides a procedural mechanism for a defendant to challenge a plaintiff's standing to sue. *See, e.g., American Fed'n of Govt. Employees v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999). Courts also have dismissed claims pursuant to Fed. R. Civ. P. 12(b)(6) for lack of standing following an assignment. *See, e.g., Ruscitti v. The Atchison, Topeka, and Santa Fe Railway Co.*, 987 F. Supp. 1039 (N.D. Ill. 1997).

4. Apex's claims should be dismissed pursuant to Rule 12(b)(1) or, in the alternative, pursuant to Rule 12(b)(6), because this Court lacks subject matter jurisdiction.

WHEREFORE, Defendant respectfully moves this Honorable Court to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, Fed. R. Civ. P. 12(b)(6) for the reasons stated herein and in Defendant's contemporaneously filed memorandum of law and declarations.

Dated: August 14, 2006

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: ___/s/ Charles A. Duffield___
     One of the Attorneys for Defendant

Natalie J. Spears (ARDC No. 6230320)
Charles A. Duffield (ARDC No. 6272161)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-8000 (telephone)
(312) 876-7934 (facsimile)

John E. Walker (*pro hac vice* application to be submitted)
Sekret T. Sneed (*pro hac vice* application to be submitted)
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 1500
Los Angeles, California 90017
(213) 623-9300 (telephone)
(213) 623-9924 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2006, I electronically filed the preceding **Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered parties.

/s/ Charles A. Duffield