**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| APEX DIGITAL, INC, a California Corporation, ) ) ) | |
| Plaintiff, ) ) | No. 06CV3972 |
| v. ) ) | Honorable George W. Lindberg |
| SEARS, ROEBUCK AND CO., an Illinois Corporation, ) ) ) ) ) ) ) | Magistrate Judge Cole |
| Defendant. ) | |

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

**I.      INTRODUCTION AND FACT STATEMENT**

Defendant Sears, Roebuck & Co. ("Sears") is a national retail department store. Plaintiff Apex Digital, Inc. ("Apex") is a consumer electronics vendor that sold merchandise to Sears. (Declaration of Jerry Wells ["Wells Decl."] ¶¶ 1-2.) In or about June, 2003, Apex "sold and assigned" "all existing and future accounts receivable" to CIT Group/Commercial Services, Inc. ("CIT"). (Wells Decl., ¶ 3, Ex. A.) Accordingly, Apex's President, David Ji, instructed Sears that, "payment on all outstanding invoices and all invoices hereafter rendered by [Apex] must be made directly to CIT." (Id.)

Apex's assignment to CIT means that CIT -- not Apex -- has the right to receive any payments Sears makes on Apex invoices. Yet Apex's lawsuit seeks to recover for itself approximately $8 million for "Sears' failure and refusal to pay Apex's invoices." (Compl. ¶12; see also ¶¶ 17-19, 22 and 25-28.) Having "sold and assigned" away its right to receive payments on its invoices to Sears, Apex no longer has standing to sue Sears for invoices that it alleges Sears "failed to pay." (Compl., ¶¶8-10.) Accordingly, the Court should dismiss Apex's lawsuit for lack of subject matter jurisdiction.

On July 26, 2006, Sears' counsel wrote a letter to Apex's counsel. The letter said that Sears had determined that it owed $306,008.86 on the Apex invoices, but that Sears was going to pay CIT unless Apex could demonstrate that its assignment to CIT was no longer valid. Sears also asked Apex for the name, title, and contact information for a knowledgeable CIT representative so that Sears could confirm any Apex representation that CIT no longer had the legal right to receive payments made on the Apex invoices. (Declaration of John E. Walker ["Walker Decl."], ¶ 2, Ex. A.)

Apex's counsel responded by letter dated July 28, 2006. That "response" never mentioned Apex's assignment to CIT and did not provide the requested name, title and contact information for a knowledgeable CIT representative. (Walker Decl., ¶ 3, Ex. B.)

Sears gave Apex another chance. On July 31, 2006, Sears' counsel sent a second letter to Apex's counsel asking for information about Apex's assignment, and for the previously requested CIT contact information. Sears' counsel wrote:

> If Apex's assignment to CIT is no longer valid, it should be very simple for Apex to support its contention with documents, and to provide the requested CIT contact information. Please do so on or before Wednesday, August 2, 2006.

(Walker Decl., ¶ 4, Ex. C.) Apex wrote back on August 2, but once again said nothing about the assignment and did not give Sears the requested CIT contact information. (*Id.*, ¶ 5.) This motion followed.

## II. ARGUMENT

### A. The Court Should Dismiss Apex's Lawsuit Because Apex Lacks Standing To Sue Sears For Monies Allegedly Due On Apex Invoices.

#### 1. Standard for Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides a procedural mechanism for a defendant to challenge the plaintiff's standing to sue. *See, e.g., American Fed'n of Govt. Employees v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) ("Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition."); *Ores v. Willow West Condominium Assn.*, No. 94 C 4717, 1996 WL 111894, at *3 (N.D. Ill. Mar. 12, 1996) ("Because the question of standing goes to the court's

2

subject matter jurisdiction, we treat defendants' motion under Federal Rule of Civil Procedure 12(b)(1).")(A copy of this opinion is attached hereto as Ex. A). A Rule 12(b)(1) motion may be asserted as a facial or factual challenge to subject matter jurisdiction. *See Villasenor v. Industrial Wire & Cable, Inc.*, 929 F. Supp. 310, 312 (N.D. Ill. 1996). A facial attack is a challenge to the face of the pleading itself. A factual attack, on the other hand, challenges the factual existence of subject matter jurisdiction. *See id.*

Upon a factual challenge to subject matter jurisdiction, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id. See also Holland v. Lane*, No. 92 C 6871, 1995 WL 398891, at *21 (N.D. Ill. July 3, 1995) ("In ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction the district court may look beyond the face of the plaintiff's complaint to resolve factual disputes.") (A copy of this opinion is attached hereto as Ex. B). The plaintiff has the burden of proof to "come forward with competent proof supporting its jurisdictional allegations." *Villasenor*, 929 F. Supp at 312. *See also Perry v. Village of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999) ("[W]here standing is challenged as a factual matter, the plaintiff bears the burden of supporting the allegations necessary for standing with competent proof. Competent proof requires a showing by a preponderance of the evidence that standing exists."). Here, Sears challenges the factual existence of subject matter jurisdiction.

    **2.    Because Apex "Sold And Assigned" Its Right To Recover On The Sears Invoices To CIT, Apex Does Not Have Standing To Sue Sears For Allegedly Not Paying Invoices.**

A plaintiff must have standing in order to invoke federal court jurisdiction. *See, e.g., Allen v. Wright*, 468 U.S. 737, 752, 104 S. Ct. 3315, 3325 (1984). It is axiomatic that where a plaintiff assigns rights to a third party, the plaintiff loses standing to sue on the assigned rights. That is because "elementary contract law provides that upon a valid and unqualified assignment <u>the assignee stands in the shoes of the assignor</u> and assumes the same rights, title and interest possessed by the assignor." *Plumb v. Fluid Pup Serv., Inc.,* 124 F.3d 849, 864 (7th Cir. 1997) (emphasis supplied). Here, Apex assigned its right to payments from Sears to CIT. Apex thereby lost standing to sue Sears for the payments Apex assigned away.

*Ruscitti v. The Atchison, Topeka, and Santa Fe Railway Co.*, 987 F. Supp. 1039 (N.D. Ill. 1997) is on point. There, the plaintiff ("Ruscitti") owned four pieces of property. Ruscitti leased

the parcels to Norlease. Norlease placed temporary dormitories on the properties and assigned its interests in the lease agreements to defendant Santa Fe. Id. at 1041. Ruscitti and Santa Fe then entered into a separate management agreement for each property. Id. Ruscitti later sold and assigned his interest in the management agreements to defendant Intermotel. Id.

After the lease agreements expired, Ruscitti learned that the dormitories had been left on his properties and were uninhabitable. He sued both Santa Fe and Intermotel for breach of contract and negligence. Santa Fe moved to dismiss the breach of contract causes of action, arguing that Ruscitti had no standing to sue under the management agreements because he had assigned his interest in those agreements to Intermotel. Id. at 1044.

The court agreed. Since Ruscitti had assigned his contract rights to Intermotel, Ruscitti was no longer in privity with Santa Fe.[1] Id. The court therefore dismissed Ruscitti's breach of contract claims against Santa Fe for lack of standing. Id. See also *Swiss Bank Corp. v. Dresser Indus., Inc.*, 944 F. Supp. 671, 673 (N.D. Ill. 1996) (plaintiff O'Connor did not have standing to sue defendant after O'Connor had assigned his stock warrant to third party); *Capital Resource Funding v. American Way, Inc.,* 860 F. Supp. 486, 488 (1994) (accounts receivable assignee stood in shoes of assignor and was "fully entitled to enforce the terms of the [assignor's] contract" with the debtor); *Oxford Comm'l Funding LLC v. Cargill, Inc.,* 2002 WL 31455989, at * 3 (N.D. Ill. Oct. 31, 2002) (assignee of right to receive payments on assignor's accounts receivable stood in assignor's shoes in suit for payments owed; debtor could assert all contract defenses against the assignee that could have been asserted against the assignor even though only the right to receive payments was assigned) (A copy of this opinion is attached hereto as Ex. C).

The same rationale applies here. Apex "sold and assigned" all of its "existing and future accounts receivable" --  including its rights to receive payments on the Sears invoices -- to CIT. That assignment divested Apex of any future rights to receive invoice payments from Sears.

---

[1] The court also found that Ruscitti was not a third party beneficiary of the management agreements because Ruscitti "divested himself of any future rights" under those agreements. Id. at 1044-1045.

Accordingly, Apex has no standing to sue Sears to recover monies allegedly due on the Apex invoices, and this action should be dismissed.[2]

## III. CONCLUSION

Based on the foregoing, Sears respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction on the grounds that Apex lacks standing to sue.

Dated: August 14, 2006                           Respectfully submitted,


By:  /s/ Charles A. Duffield
     One of the Attorneys for Defendant

Natalie J. Spears (ARDC No. 6230320)
Charles A. Duffield (ARDC No. 6272161)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-8000 (telephone)
(312) 876-7934 (facsimile)

John E. Walker (*pro hac vice* application to be submitted)
Sekret T. Sneed (*pro hac vice* application to be submitted)
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 1500
Los Angeles, California  90017
(213) 623-9300 (telephone)
(213) 623-9924 (facsimile)

---

[2] In *Ruscitti*, the court dismissed the breach of contract claim pursuant to FRCP Rule 12(b)(6). To the extent that this Court determines that this motion should be brought under Rule 12(b)(6), Sears also moves the Court to dismiss this action on such grounds.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2006, I electronically filed the preceding **Memorandum Of Facts And Law In Support Of Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered parties.

/s/ Charles A. Duffield

30274411